## VANDOLO E. WHITCOMB *vs.* SYLVESTER JACOBS.

A writ of entry is maintained by proof of a mortgage to the demandant, an entry for foreclosure thereof, and a quitclaim deed to him of the equity of redemption before such entry for foreclosure, if the tenant relies on a title derived from the mortgagor since such entry.

Service of a writ of entry, brought against a spendthrift, upon him and his guardian, and a general appearance of counsel for the defence, will support a judgment for the demandant.

WRIT OF ENTRY to recover land in Littleton. Plea, nul disseisin. Trial before *Merrick*, J., who reserved for the decision of the full court the following case:

The demandant offered in evidence a warranty deed of the premises from Ezekiel Wright to Justus L. Whitcomb, dated August 28th 1844, and a mortgage back of the same date, which through mesne assignments was assigned to the demandant on the 25th of April 1849 ; and all these deeds and assignments were duly acknowledged and recorded. The demandant also offered in evidence a certificate of an entry upon the premises on the 20th of October 1849, in order to foreclose the mortgage, and duly attested and recorded ; also a quitclaim deed of the premises to him from Justus L. Whitcomb, dated February 14th 1849, and duly acknowledged and recorded.

In behalf of the tenant was offered in evidence an execution issued on a judgment against Justus L. Whitcomb on the 18th of February 1854, and afterwards duly levied upon the premises, and returned and recorded.

There was also evidence that before this action was brought the tenant had been placed under guardianship as a spendthrift by order of the probate court. It appeared by the officer's return on the writ that both the tenant and his guardian were summoned to appear and answer. And two attorneys of this court entered a general appearance for the tenant.

*B. F. Butler*, for the tenant.

*E. A. Kelly*, for the demandant.

MERRICK, J. The first objection urged by the tenant against the maintenance of this action certainly cannot avail him. As against him the title acquired by the demandant under the mortgage deed made to Wright by Justus L. Whitcomb is, to the extent of the lien upon the estate thereby created, perfectly good. It is of no consequence in relation to this question whether the title by the mortgage was merged in that acquired by the demandant by the deed of Justus L. Whitcomb to himself. The deed of Justus L. Whitcomb to the demandant, having been made before the tenant's levy of execution, was an effectual conveyance of all the estate which remained in the mortgagor, except that which had before been given and granted by the mortgage, and made a perfect title in the demandant and entitled him to recover.

It is undoubtedly true that after a proper judicial decree that the tenant was a spendthrift, and the consequent appointment of a guardian to take charge of his estate, his guardian should be made a party to all proceedings against him in a court of law. Nor would a judgment otherwise rendered against him in any suit whatever be held to be legal and obligatory. But in the present instance, though no formal summons was issued to the guardian of Jacobs, the writ was in fact served upon him, and it was his duty to take charge of the defence, and protect his ward from the effect of it, if there was any just or legal way in which it could be done. We cannot presume that he was ignorant of his duty, or that he neglected to perform it. It is shown that two attorneys of this court were in fact employed as counsel for the tenant, and that they appeared generally for him in this action, and pleaded nul disseisin. The guardian is the only person who could have legally employed them or authorized them to appear and set up any defence. In the absence of any proof that they did this without proper authority and against the rights of the parties, it is certainly to be presumed that they appeared in court and entered their names as counsel for the tenant and filed the plea in his behalf at the request and as the agents of the guardian. This being taken to be the true conclusion from the facts shown in evidence, then it follows that the usual and ordinary effect is to be given to the plea of nul disseisin, namely, that the tenant entered upon and ousted the demandant from the premises.

The demandant therefore, having shown a complete title to the premises in himself and his ouster therefrom by the tenant, is entitled to maintain an action to recover the possession thereof against the tenant. *Tenant defaulted.*